IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>BOBIE CAPEL,</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NOS.:  WDQ-09-2374<br>and</td></tr>
<tr><td>COUNTRYWIDE HOME LOANS, INC.,<br><em>et al.</em></td><td>*</td><td>WDQ-09-2439<br>Consolidated</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Bobie Capel, *pro se*, filed two suits against Countrywide

Home Loans, Inc. ("Countrywide") and others[1] on numerous claims

involving non-disclosure and wrongful foreclosure under a Deed

of Trust.  Pending in WDQ-09-2374 are the Lender Defendants'[2]

motions to consolidate and to dismiss (Paper Nos. 9 & 17), the

Trustee Defendants'[3] motion to dismiss (Paper No. 11), and

---

[1]  The other Defendants are: Baltimore American Mortgage
("Baltimore American"); Deutsche Bank National Trust Co.
("Deutsche Bank"); IMPAC Secured Assets Corp. ("IMPAC"); MERS
Inc. ("MERS"); Gerard F. Miles, Jr.; Jennifer Matthews Herring;
Mark S. Devan; Thomas P. Dore; Gerard F. Miles, Sr.; Kristen K.
Haskins; and Huesman Jones and Miles LLC.  Baltimore American
and MERS have not joined the pending motions to dismiss.

[2]  The "Lender Defendants" are Countrywide, Deutsche Bank, and
IMPAC.

[3]  The "Trustee Defendants" are Devan, Dore, Herring, Haskins,
Miles, Jr., Miles, Sr., and the law firm of Huesman Jones and
Miles LLC.

Capel's motion for leave to file an exception to the foreclosure sale (Paper No. 19).[4]  Pending in WDQ-09-2439 are the Lender Defendants' motion to consolidate and to dismiss (Paper No. 16) and the Trustee Defendants' motion to consolidate and dismiss (Paper No. 17).  For the following reasons, the Defendants' motions to consolidate and to dismiss will be granted, and Capel's motion for leave to file an exception will be denied.

I.   Background[5]

Capel was the owner of 1129 Circle Drive, Halethorpe, Maryland 21227.  WDQ-09-2439, Paper No 1 ¶ 1 [hereinafter *Compl.*].  On June 30, 2006, Capel executed a deed of trust on

---

[4]  Capel has also filed a "Motion to Dismiss the Writ of Possession."  Paper No. 8.  Because this document merely reiterates arguments made in the complaint, it will be denied.

[5]  For the pending motion, the well-pleaded allegations in the Complaint are accepted as true.  *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  A court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a 12(b)(6) motion into a motion for summary judgment.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  A district court may take judicial notice of "matters of public record."  *Clark v. BASF Salaried Employees' Pension Plan*, 329 F. Supp. 2d 694, 697 (W.D.N.C. 2004), *aff'd*, 142 Fed. Appx. 659 (4th Cir. 2005).  State court filings are matters of public record.  *See, e.g., Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

the Property to secure a $192,000.00 loan from Baltimore American.  *Id*. ¶ 10, Ex. 1 at 2-4.[6]

On October 24, 2008, a foreclosure action was filed against Capel in Baltimore County Circuit Court by the successor trustees--Dore, Herring, Haskins, Devan, and Miles, Jr.--to recover possession of the Property under the Deed of Trust (Case No. 03-C-08-011301).[7]  Foreclosure Docket 3.  Capel was served with a Notice of Default and Election to Sell Under Deed of Trust and a Notice of Trustee's Sale.  *Id*. ¶¶ 11-12.  On January 7, 2009, the Property was sold at a foreclosure sale.  *Id*. ¶ 5.  The foreclosure sale was ratified on April 24, 2009, and judgment for possession was granted on July 24, 2009.  Foreclosure Docket 4.  On August 7, 2009, the deed of the Property from the successor trustees to "Deutsche Bank National Trust Company, as trustee under the pooling and servicing agreement relating to IMPAC Secured Assets Corp, mortgage pass-through certificates, Series 2006-3" was recorded.  Compl. Ex. 1 at 1.

---

[6]  Devan, Dore, Herring, Haskins, and Miles, Jr. of the law firm Huesman Jones and Miles LLC were substituted for Donald J. Ordakowski and Henry Biegacz, the original trustees under the Deed of Trust.  *See* Compl. Ex. 1 at 1-2.

[7]  Deutsche Bank joined the suit as an interested party.  *See* WDQ-09-2374, Paper No. 9, Ex. 4 at 2 (hereinafter *Foreclosure Docket*).

Capel filed numerous motions to vacate the foreclosure judgment against the Trustee Defendants and Countrywide, IMPAC, and Deutsche Bank (the "Lender Defendants"), which the Baltimore County Circuit Court docketed as a new action (Case No. 03-C-09-0065505).[8]  On September 10, 2009, the Defendants removed that case to federal court.  WDQ-09-2374, Paper Nos. 1 & 2.[9]  On September 15, 2009, the Lender Defendants filed a motion to dismiss.  *Id*. at Paper No. 9.  On September 21, 2009, the Trustee Defendants also filed a motion to dismiss.  *Id*. at Paper No. 11.[10]

On September 16, 2009, Capel sued the Lender Defendants, the Trustee Defendants, Baltimore American, and MERS, Inc.  WDQ-09-2439, Paper No. 1.  On November 12, 2009, the Lender Defendants filed motions to consolidate WDQ-09-2374 and WDQ-09-2439 and to dismiss in both cases.  WDQ-09-2374, Paper No. 17; WDQ-09-2439, Paper No. 16.  On November 13, 2009, the Trustee

---

[8]  Capel has filed papers captioned as "Notices and Demands to Plaintiff and to the Court," "Request and Demand to Court to Void Unlawful Judgment," "Motion to Dismiss Writ of Possession," "Notice of Default," "Notice of Felony in Progress," and "Motion to Dismiss Writ of Possession."  *See* Foreclosure Docket at 5; WDQ-09-2374, Paper Nos. 5-8.

[9]  After removal, Capel filed a complaint.  WDQ-09-2374, Paper No. 3.

[10]  On September 30, 2009, Capel filed two papers captioned as "Motion to Dismiss Defendants Motion to Dismiss" and "Petition for Injunctive and Other Relief," *id*. at Paper Nos. 13 & 14; this court will construe those documents as oppositions to the Defendants' motions to dismiss.

Defendants filed a similar motion to consolidate and to dismiss both cases.  WDQ-09-2439, Paper No. 17.  On November 30, 2009, Capel filed a motion for leave to file an exception to the foreclosure.  WDQ-09-2374, Paper No. 19.

Because there has been no opposition to consolidation of WDQ-09-2374 and WDQ-09-2439, those motions will be granted and the cases will be considered together.  In the two suits, Capel has raised claims for (1) violation of the U.S. Constitution; (2) violation of the Constitution of Missouri; (3) violation of Uniform Commercial Code ("UCC") §§ 3-601, 3-602, 3-603, 3-604, 3-605; (4) violation of the Fair Debt Collection Practices Act ("FDCPA")[11] §§ 1601, 1639(h), 1692; (5) quiet title; (6) violation of the Protection for Homeowners in Foreclosure Act ("PHIFA"); (7) non-disclosure; (8) violation of Title 17 of the Maryland Business and Professional Code; (9) violation of the Real Estate Settlement Procedures Act ("RESPA")[12] §§ 2601 to 2617; (10) violation of the Truth in Lending Act ("TILA"); (11) breach of fiduciary duty; (12) breach of implied contract of good faith and fair dealing.  *See* WDQ-09-2374, Paper No. 3; Compl. ¶¶ 14-60.

---

[11]  15 U.S.C. §§ 1601 et seq. (2006).

[12]  12 U.S.C. §§ 2601 et seq. (2006).

Capel argues that the Defendants have not proven their right to initiate a foreclosure under the Deed of Trust. *Id.* ¶¶ 13, 17, 24. He also argues that the Deed of Trust is invalid because the Defendants failed to disclose his right to receive (1) a copy of all of the loan documents and (2) notices upon default and before a trustee's sale of the property. *Id.* ¶¶ 20, 23, 41, 46.[13] The Defendants argue that Capel's claims are barred by *res judicata* and his factual allegations are insufficient to state a cause of action.

## II. Analysis

### A. Defendants' Motions to Dismiss

#### 1. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader

---

[13] Capel argues that he "would not have permitted [the Defendants] to originate the loans, or [at] least would have considered other options to purchase" had the Defendants informed him of his right to receive the Notice of Default and Notice of Trustee's Sale. Compl. ¶ 23.

is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).  Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced.  *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003).  These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557).  The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)).  "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief."  *Id*. (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as

true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

2. *Res Judicata*

The Defendants have argued that Capel's claims are barred by *res judicata* because they should have been raised in the Baltimore County Circuit Court Foreclosure action.  Capel contends that his claims are not barred because the underlying Foreclosure action was invalid.

Res judicata, or claim preclusion, bars relitigation of a claim that was decided or could have been decided in the original suit.  *Anyanwutaku v. Fleet Mortgage Group, Inc.*, 85 F. Supp. 2d 566, 570 (D. Md. 2000); *see also Anne Arundel County Bd. of Educ. V. Norville*, 390 Md. 93, 887 A.2d 1029, 1037 (Md. 2005).  "Generally, the preclusive effect of a judgment rendered in state court is determined by the law of the state in which the judgment was rendered." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008).  In Maryland, *res judicata* applies when (1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the

8

merits.  *Norville*, 887 A.2d at 1037.  The purpose of *res
judicata* is to avoid "the expense and vexation attending
multiple lawsuits, conserve[] judicial resources, and foster[]
reliance on judicial action by minimizing the possibilities of
inconsistent decisions."  *Murray Int'l Freight Corp. v. Graham*,
315 Md. 543, 555 A.2d 502, 503-04 (Md. 1989) (internal quotation
omitted).

> a.   Parties are the Same or in Privity

Most of the Defendants in the present cases were also
parties in the Foreclosure action, and the four who were not--
Countrywide, IMPAC, Miles, Sr., and Huesman Jones & Miles LLP--
are in privity with parties to that action.  "Privity in the *res
judicata* sense generally involves a person so identified in
interest with another that he represents the same legal right."
*FWB Bank v. Richman*, 354 Md. 472, 731 A.2d 916, 930 (Md. 1999)
(internal quotation omitted).  Here, Miles, Sr. and Huesman
Jones & Miles have been treated in the complaints as if they
were successor trustees under the Deed of Trust.  Thus, their
legal interests are coextensive with those of the actual
successor trustees--Dore, Herring, Haskins, Devan, and Miles,
Jr.--who were parties to the Foreclosure action.  Deutsche Bank
was a party to the Foreclosure action and is in privity with its
successors in interest, Countrywide and IMPAC.

b.   Identical Cause of Action

Maryland uses the transaction test to determine when a claim is "identical" for *res judicata*. *Laurel Sand & Gravel*, 519 F.3d at 162. Claims are part of the same cause of action when they arise from the same transaction or series of transactions. *Id*. To determine whether claims arise from the same transaction, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Restatement (Second) of Judgments § 24(2) (1982).[14]

The Foreclosure action and these cases relate to a $192,000.00 loan from Baltimore American to Capel secured by a Deed of Trust on the Property. The Foreclosure action determined that the successor trustees had the right to foreclose on the property and ratified the sale of the property to Deutsche Bank. Here, Capel's claims all center on alleged defects in contract formation--i.e. failure to make certain required disclosures--and arguments that the Defendants had no right to foreclose under the Deed of Trust. Because all these

---

[14] *See also Kent County Bd. of Educ. v. John R. Bilbrough, Jr.*, 309 Md. 487, 525 A.2d 232, 237 (Md. 1987) ("The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff.").

claims concern the same loan transaction and the parties' rights under the Deed of Trust, they are transactionally related and could have been raised in the foreclosure action.

c.   Final Judgment on the Merits

When a state court finalizes a foreclosure after the "plaintiff was given the opportunity to raise all objections to the foreclosure sale of [a] property," that adjudication is a final judgment on the merits. *Anyanwutaku*, 85 F. Supp. 2d at 572.  Here, Capel had an opportunity to object to the Deed of Trust during the Foreclosure action, but the docket indicates that he did not object to the sale.  The Baltimore County Circuit Court ratified the foreclosure sale on April 24, 2009, and granted judgment for possession on July 24, 2009.  There has been a final judgment on the merits of the foreclosure under the Deed of Trust.

As all three elements of *res judicata* are present, the Baltimore County Circuit Court judgment in the foreclosure action has preclusive effect and bars litigation of the claims raised by Capel in this case.[15]  The Defendants motions to dismiss will be granted.

---

[15]  *See Anyanwutaku*, 85 F. Supp. 2d at 572 ("res judicata preclude[s] suits whe[n] lender liability claims could have been asserted as counterclaims in a foreclosure proceeding") (collecting cases).

      B.   Capel's Request for Leave to File a Motion for an
Exception to the Foreclosure Sale

Capel requests leave to file an exception to the foreclosure sale. Pl.'s Exception Mot. 2. Maryland law permits a party to a foreclosure action to file a written exception to the foreclosure sale within 30 days after the Notice of Sale issues. Md. R. 14-305(d)(1) (2008). "Any matter not specifically set forth in the exceptions is waived unless the court finds that justice requires otherwise." *Id*. Because there is no cognizable reason to allow his untimely exception, Capel's request for leave to file an exception to the foreclosure sale will be denied.

III. Conclusion

For the reasons stated above, the Defendants' motions to consolidate and dismiss will be granted, and Capel's motion for leave to file an exception to the Foreclosure sale will be denied.


February 2, 2010          _____/s/_____
Date                      William D. Quarles, Jr.
                         United States District Judge